BRUCE ROGERS PC    Fax:18453595577

**SANFORD COHEN**
*Attorney at Law*
PREL PLAZA
SUITE 5
ORANGEBURG, NEW YORK 10962

TELEPHONE (845) 359-8855
FAX (845) 365-2328

*Linda Feggans*
*Of Counsel*

<u>VIA FAX (212) 805-7917</u>

June 20, 2007

Hon. Robert P. Patterson, Jr.
United States District Court
Southern District of New York
United States Courthouse, RM 2550
500 Pearl Street, NY 10007



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/07
```

AUG - 1 2007 — CHAMBERS OF JUDGE ROBERT P. PATTERSON

MEMO ENDORSED

RE:  NNJ FACTORS, LLC v. JOYCE - 07 CIV. 3099 (RPP)
     <u>Defendant's Request to file a FRCP 12(b)(3) Motion to Dismiss</u>

Dear Judge Patterson:

In accordance with your Honor's Individual Practice Rules, I respectfully request the Court's permission for Defendant to file a motion to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(3) (improper venue).

Indeed, it is axiomatic that the inclusion of a forum selection clause in a contract which employs language that is mandatory rather than permissive, mandates that the proper venue for a claim must be in the locale as set forth in the forum selection clause. See *Gessler v. Sobieski Destylarnia S.A.*, 2007 WL 1295671, *2-3 (SDNY 2007); *American Home Assurance Co. V. M/V Jaami*, 2007 WL 1040347, *2-3 (SDNY 2007).

Here, Paragraph 8 of the Master Repurchase and Security Agreement contains a forum selection clause which mandates that "the sole jurisdiction" for any dispute related to the Agreement shall be "in the state court located in the county, city or local jurisdiction in which [Plaintiff] maintains its principal place of business at the time that the action is brought." Paragraph 1 of Complaint specifies that Plaintiff now has its principal offices in Bridgewater, New Jersey.

As such, by the clear mandate of the forum selection clause at issue, venue for this action is improper in this Court and/or district, as the state court located in Bridgewater, New Jersey has the "sole jurisdiction" to adjudicate the within dispute.

In apparent recognition of this obvious legal issue, Plaintiff, indeed, filed a Complaint for identical relief against Defendant in the Superior Court of New Jersey, County of Somerset (Docket No.: 1123-07). This Complaint was filed on July 13, 2007. Yet, Plaintiff has not withdrawn the within Complaint in this Court.

Unless Plaintiff voluntarily withdraws this action, therefore, Defendant will be compelled to move this Court, *inter alia*, to dismiss the Complaint based on improper venue (under FRCP 12 (b)(3)).

Kindly notify me as to the appropriate timetable for Defendant to brief the aforesaid contemplated motion.

Sincerely,

[signature]

SANFORD COHEN, ESQ.

cc: Daniel Crupain, Esq. (Fax No.: 212-406-6890)

*[Handwritten annotation:] Application granted. File motion by 8/21/07. Answering papers will be due 8/31/07. So ordered. [signed] Robert P. Patterson 8/7/07*