UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,

                      Plaintiff,

     v.

KEVIN JOYCE,

                    Defendant.
-------------------------------------------------------X

**NOTICE OF MOTION**
**TO DISMISS COMPLAINT**

07 CIV. 3099 (RPP)

      PLEASE TAKE NOTICE that upon the Complaint and Answer filed in this action, the annexed Affirmation of Sanford Cohen, dated September 17, 2007, and the memoranda submitted with respect to this motion, and all prior proceedings herein, Plaintiffs will move this Court before the Honorable Robert P. Patterson, Jr., at the Hon. Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, as soon as counsel may be heard, for an order and judgment, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss the Complaint in this action on the basis of improper venue, and for any other, further or different relief which this Court deems just, proper or necessary.

Dated: September 17, 2007
       Orangeburg, New York

Respectfully submitted;

_____
Sanford Cohen, Esq. (SC 6999)
Attorney for Defendant
60 Dutch Hill Road, Suite 5
Orangeburg, New York 10962
(845) - 359-8855

TO:   Daniel Crupain, Esq.
       Attorney for Plaintiff
       225 Broadway
       Suite 2700
       New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,

                Plaintiff,

         v.

KEVIN JOYCE,

                Defendant.
-------------------------------------------------------------X

**AFFIRMATION OF SANFORD COHEN**

07 CIV. 3099 (RPP)

Sanford Cohen, Esq., an attorney duly admitted to practice law in the State of New York, hereby affirms, under penalties of perjury, that:

1.    I am the attorney for Defendant in this action, and I hereby make this Affirmation in support of Defendant's motion to dismiss the complaint on the basis of improper venue, pursuant to FRCP 12(b)(3).

2.    Paragraph 5 of the Complaint references an agreement between Plaintiff and Defendant "wherein Defendant agreed to sell and assign a series of accounts receivables consisting of real estate brokerage commissions due him upon the sale of various real estate properties, in consideration of which Plaintiff was to pay Defendant certain sums of money for the purchase of accounts receivables."

3.    Said Agreement was memorialized in a "Master Repurchase and Security Agreement" (annexed hereto and made a part hereof as Exhibit A), which was made and executed by the parties on or about March 31, 2005.

4.    Paragraph 8 of said Master Repurchase and Security Agreement contains forum selection clause which provides in pertinent part that:

> In addition, Broker agrees that the sole jurisdiction
> for any dispute arising out of, or related to, this
> Agreement, any Assignment Agreement, or any
> document executed pursuant hereto, shall be in the
> state court located in the county, city or local
> jurisdiction in which CE [i.e., Plaintiff] maintains
> its principal place if business at the time that
> the action is brought.

5.      Said forum selection clause, which was drafted by Plaintiff and tendered by
        Plaintiff to Defendant, is clear and unequivocal, employs language which is
        mandatory rather than permissive, specifies both jurisdiction and venue, and
        reflects the parties' intent to make jurisdiction exclusive in the "state court located
        in the county, city or local jurisdiction in which [Plaintiff] maintains its principal
        place of business at the time that the action is brought."

6.      Paragraph 1 of the Complaint (dated April 12, 2007) specifies that Plaintiff now
        has "its principal office at 672 U.S. Route 202/206, Bridgewater, New Jersey."

7.      By the clear terms of the forum selection clause at issue, therefore, venue for this
        action is improper in this Court and/or district, as the state court located in
        Bridgewater, New Jersey has the "sole jurisdiction" to adjudicate the within
        dispute.

8.      In clear recognition of the New Jersey forum selection clause at issue, on July 13,
        2007, Plaintiff filed almost an identical complaint to the instant case in the proper
        venue: the Superior Court of New Jersey, Somerset County.   A true copy of said
        complaint (without annexed exhibits) is annexed hereto as Exhibit B.

9.      Upon information and belief, Defendant, KEVIN JOYCE, on or about September
        13, 2007, filed and served an answer in that New Jersey action (annexed hereto as
        Exhibit C).

10.     Unless this Court dismisses the within Complaint, therefore, Defendant will be
        compelled to defend himself from the same allegations, on the same operative
        facts, in two jurisdictions.  Clearly, dismissal of the Complaint in this action is
        mandated.

WHEREFORE, based on the aforesaid, Affirmant respectfully requests that this Honorable Court:

(1) Dismiss the Complaint in its entirety, with prejudice; and

(2) Grant Defendant any other, different or further relief as this Court deems just, proper or necessary.

Dated: September 17, 2007
      Orangeburg, New York

Respectfully submitted;

Sanford Cohen, Esq. (SC 6999)
Attorney for Defendant
60 Dutch Hill Road, Suite 5
Orangeburg, New York 10962
(845) - 359-8855

3

**EXHIBIT A**

03/31/05  15:53 FAX 845 634 0022        JOYCE REALTY NC
Mar 31 05 04:36p                                                    p.2

# COMMISSION EXPRESS
of Northern New Jersey

151 West Passaic Street
Rochelle Park, New Jersey 07662
Phone 201-909-3774
Fax    908-719-0447

## MASTER REPURCHASE AND SECURITY AGREEMENT
### (Broker)

This Master Repurchase and Security Agreement (Master Agreement) is made

this date 03/31/2005

between Kevin Joyce (Broker)                    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 (SS#)

and NLI Factors, LLC referred to as COMMISSION EXPRESS or CE throughout.

Ref: Accounts Receivable Sale and Assignment Agreements (Assignment Agreements).

### WITNESSETH

WHEREAS, CE has offered to purchase certain accounts receivable from Broker by execution of certain document(s) entitled Accounts Receivable Sale and Assignment Agreements ("Assignment Agreement") the form of which is annexed herein, as such form may be changed from time to time; and

WHEREAS, Broker has agreed to execute this Master Repurchase and Security Agreement related to the purchase of such Assignment Agreements, by which the Broker agrees to repurchase the accounts receivable under certain conditions, and further agrees to secure the obligation to repurchase said accounts receivable; and

WHEREAS, to the extent that CE has purchased, or will purchase, and Broker has sold, or will sell, accounts receivable to CE under various Assignment Agreements, and Broker has and does grant a security interest to CE as is set forth herein.

NOW THEREFORE, in consideration of the sums stated in those Assignment Agreements referenced above, and the mutual terms herein, the parties agree as follows:

1.  The recitals above are incorporated herein. In addition, it is agreed that this Agreement is irrevocable by the Broker and is coupled with an interest. Every reference to "Broker" shall be deemed to include "Real Estate Company".

2.  Broker acknowledges a risk of Default if CE does not receive payment of the account receivable in accordance with this Agreement. The following constitute events of Default under this Agreement and Broker shall be in Default under this agreement upon the earliest occurrence of any one of the following (Default Dates):
    A.  CE does not receive full payment within 3 days of Broker being paid the account receivable.
    B.  CE does not receive full payment within 10 days after:
        1) the actual settlement date; or
        2) a change of Settlement Agent unless CE is notified and a new Notice of Assignment is executed.
        3) kick-out of the contract.
    C.  CE does not receive full payment within 30 days after the stated Settlement Date in the Certification.
    D.  Falsification of the Application, Certification or Notice of Assignment.
    In the event of Default, the Broker agrees to repurchase the account receivable as is set forth below. In addition to the repurchase amount, the Broker shall be liable for, and agrees to pay CE any and all expenses incurred or paid by CE in protecting or enforcing its rights under this Agreement and/or under any of the Assignment Agreements, including all reasonable attorneys fees, costs, filing fees and any other expenses incurred. The Broker agrees to reimburse CE on demand for any amounts due, plus payment of interest on any amount due at the rate of 18% per annum from date of Default until reimbursement. All amounts owed by Broker, including interest, costs and attorneys fees, shall be secured as is set forth herein.

3.  Should Broker be in Default with respect to any account receivable, Broker agrees to immediately repurchase the account receivable from CE upon demand and to pay CE with Certified or Cashier's check the full amount of the account receivable. Broker further agrees that CE will retain from the Holdback 10% of the amount of the account receivable as an additional fee (discount) and interest will accrue to CE on the amount owed to CE at the rate of 18% per annum until paid in full.

*I have read and understand the Default provisions described above:* _____ (initial)

4.  Broker hereby irrevocably authorizes and directs Settlement Agent/ Real Estate Company to pay directly to CE the accounts receivable due Broker . In the event that said payments do not occur by Default Dates, or are not adequate to fulfill the obligation and any obligation to CE, then Broker hereby agrees to immediately repurchase CE's interest in the accounts receivable or pay the deficiency to CE along with interest and all other amounts as set forth herein.

© 1999-2003 Commission Express National, Inc.        MSTRPRKR 08/03                    PAGE 1 OF 3

03/31/05  16:53 FAX 848 654 0022        JOYCE REALTY NC                                    ☒003
Mar 31 05 04:36p                                                                              P. 3



**COMMISSION EXPRESS**

*of Northern New Jersey*

151 West Passaic Street
Rochelle Park, New Jersey 07662
Phone  201-909-3774
Fax    908-719-0447

## MASTER REPURCHASE AND SECURITY AGREEMENT
### (Broker)

5.  Broker further grants to CE a security interest under the Uniform Commercial Code in all of Broker 's right, title and interest in and to Broker's current and future accounts receivable, general intangibles, accounts, contract rights, leases, chattel paper, and other rights of Broker to the receipt of money, of every nature, type and description, whether now owing to the Broker or hereafter arising, and all cash and non-cash proceeds of the foregoing, whether now owned or hereafter acquired, without limitation, to secure payment of the accounts receivable and all amounts due under this Agreement.

The security interest granted herein shall attach to any and all accounts receivable, whether such accounts receivable have been assigned to CE or not, and without reference to whether the accounts receivable are owed by the Real Estate Company or Broker with whom the Broker was associated at the time of the Agreement. Broker agrees to execute any and all documents necessary to allow CE to perfect its security interest granted herein, and irrevocably authorizes CE to execute Broker's name to perfect such interest.

6.  Broker irrevocably authorizes and directs the current and any future, Settlement Agent /Real Estate Company to make payment to CE of all accounts receivable due and payable to Broker under current and future settlements to repurchase the accounts receivable and to pay all amounts due to CE under this Agreement. In addition to the other rights and remedies herein, CE is authorized to:
A.  Collect and demand the amount due;
B.  Settle, compromise or adjust and claims relating to the Agreement;
C.  Endorse checks, UCC-1 Financing Statements or other instruments on behalf of Broker ;
D.  Retain any Holdbacks to offset any amounts which Broker owes to CE related to any Assignment Agreement under which Broker is in Default;
E.  Receive and exchange any and all information from and with credit reporting agencies and disclose such information as CE deems necessary to enforce this Agreement.

7.  It is understood and agreed that all parties to this Agreement hereby waive the right to trial by jury.

8.  This Agreement will be governed by the laws of the State of New Jersey without regard to its conflict of law provision. In addition, Broker agrees that the sole jurisdiction for any dispute arising out of, or related to, this Agreement, any Assignment Agreement, or any document executed pursuant hereto, shall be in the state court located in the county, city or local jurisdiction in which CE maintains its principal place of business at the time that the action is brought. It is further agreed that sole jurisdiction shall be in the Court of lowest monetary limited jurisdiction, or the small claims court to the extent that such Court has jurisdiction over such abuse, and otherwise to state court located in the county, city or local jurisdiction in which CE maintains its principal place of business which does have jurisdiction.

9.  If a certified copy of this Agreement, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. No single exercise of the foregoing legal action will be deemed to exhaust the power, whether or not any such exercise shall be held by any court invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as CE may elect until all amounts owing on this Agreement have been paid in full.

10.  Broker acknowledges that this Agreement is not a loan or a consumer transaction, but the sale of a business account receivable at a discount for commercial purposes.

11.  This Agreement together with a copy of the Assignment Agreement constitutes the sole and entire agreement between the parties relating to the subject matter hereof. This agreement supersedes all prior understandings, agreements and documentation relating to such subject matter. In the event of any conflict between the documents and any ambiguity, the documents shall be construed together and given the construction that reflects the intents and purposes of this agreement. Further, this agreement has been the result of negotiation and any ambiguity shall not be construed in favor of or against any party who may have been the scrivener hereof. If any provision herein is found to be unenforceable, it shall be deemed severed and all other provisions shall remain in full force and effect.

© 1998-2003 Commission Express National, Inc.        M3TRWRKR 05/03                    PAGE 2 OF 5 (Initial)

03/31/05  16:54 FAX 845 634 0023    JOYCE REALTY INC
Mar 31 05 04:37p                                                    p.4

# COMMISSION EXPRESS

of Northern New Jersey

161 West Passaic Street
Rochelle Park, New Jersey 07662
Phone  201-909-3774
Fax    908-719-0447

## MASTER REPURCHASE AND SECURITY AGREEMENT
(Broker)

IN WITNESS WHEREOF, the undersigned has set their hand and seals.

X _____ (Seal)    X By: _____ (Seal)
Broker (Personally & For Real Estate Company)      For COMMISSION EXPRESS

NOTARY PUBLIC:    STATE of ___NY___    COUNTY of ___Orange___
I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that
___Kevin Joyce___ (Broker) whose name is signed to the foregoing Master
Repurchase and Security Agreement has acknowledged the same before me in my jurisdiction aforesaid.

Given under my hand and seal this __31st__ day of __March__ 2005

[SEAL]                                   _____ (Notary Public)

My Commission Expires: __3/27/2006__

VICTORIA A TOTH
State of NY Notary Public
#01TO6103398
Exp. 3/27/2006
Orange County

© 1998-2003  Commission Express National, Inc.    MSTRBRKR 05/03    PAGE 5 OF 5 ____ (Initial)

**EXHIBIT B**

LAW OFFICES OF PETER E. RHATICAN
A Professional Corporation
27 East Main Street
Mendham, New Jersey  07945
(973)) 543-0220
Attorneys for Plaintiff, NNJ FACTORS, LLC d/b/a
Commission Express of Northern New Jersey

| | |
|---|---|
| NNJ FACTORS, LLC, d/b/a COMMISSION EXPRESS OF NORTHERN NEW JERSEY,<br><br>        Plaintiff,<br><br>-v-<br><br>KEVIN JOYCE; JOYCE REALTY, and ABC, CORP., (fictitious name as true identity is presently unknown),<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>Docket No: L- \1\23-07.<br><br>       Civil Action<br><br><br>       COMPLAINT |

        Plaintiff, NNJ FACTORS, LLC, d/b/a Commission Express of

Northern New Jersey (hereinafter "Commission Express"), with

offices at 672 U.S. Route 202/206, Bridgewater, New Jersey,

complaining of the defendant, says:

                          JURISDICTION

        Pursuant to the terms contained in paragraph 8 of the Master

Repurchase and Security which is the subject matter of this

lawsuit, the laws of the State of New Jersey shall govern for any

dispute arising out of, or related to the Agreement and in the

state court located in the county, city or local jurisdiction in

which Commission Express maintains its principal place of

business.

1.  During all times mentioned herein, plaintiff, NNJ FACTORS, LLC, was a registered corporation of the State of New Jersey engaged in the business of purchasing real estate commissions from real estate agents by way of advancing the commissions at a discounted rate.  The purchase of said commissions is contingent upon the closing of the subject real property on a scheduled date or the passing of a 30 day period occurring following the failure of the property to close title. Repurchase of the commission by the agent in the event the real estate property does not close title is a condition of the purchase of the commission in the first place.  Interest, costs and fees are provided for in the event of default by the agent.

2.  During all times mentioned herein, the defendant, Kevin Joyce, (hereinafter "Joyce") was a licensed real estate agent in the State of New York residing at 263 North Highland Avenue, Pearl River, New York and the owner of the defendant, Joyce Realty, located at 21 North William Street, Pearl River, New York.

3.  During all times mentioned herein, the defendant, Joyce Realty, was a licensed and registered real estate broker in the State of New York, which employs the defendant, Kevin Joyce.

4.  During all times mentioned herein, the defendant, ABC, Corp., (fictitious name as true identity is presently unknown) is a licensed and registered corporation in the State of New York, associated and doing business with and employing the herein named

defendant, Kevin Joyce.

5. On information and belief, the defendant, Kevin Joyce, entered into a Master Repurchase and Security Agreement with the plaintiff, Commission Express, on March 31, 2005. (Exhibit 1).

6. On information and belief, the defendant, Kevin Joyce, entered into an Account Receivable Sale and Assignment Agreement with the plaintiff, Commission Express, on March 20, 2006, (Exhibit 2) for the purchase of real estate commissions due defendant on the property identified as 77 Ehrhardt Road, Pearl River, New York. The commission purchased was in the amount of $12,658.23.

7. On information and belief, the defendant, Kevin Joyce, entered into an Account Receivable Sale and Assignment Agreement with the plaintiff, Commission Express, on March 20, 2006, (Exhibit 3) for the purchase of real estate commissions due defendant on the property identified as 15 Blue Willow, New City, New York. The commission purchased was in the amount of $32,500.00.

8. On information and belief, the defendant, Kevin Joyce, entered into an Account Receivable Sale and Assignment Agreement with the plaintiff, Commission Express, on April 24, 2006, (Exhibit 4) for the purchase of real estate commissions due defendant on the property identified as 11 Delta Drive, New City, New York. The commission purchased was in the amount of $12,658.23.

9.    On information and belief, the defendant, Kevin Joyce,
entered into an Account Receivable Sale and Assignment Agreement
with the plaintiff, Commission Express, on May 10, 2006, (Exhibit
5) for the purchase of real estate commissions due defendant on
the property identified as 387 Blauvelt Road, Pearl River, New
York.  The commission purchased was in the amount of $16,125.00.

10.    On information and belief, the defendant, Kevin Joyce,
entered into an Account Receivable Sale and Assignment Agreement
with the plaintiff, Commission Express, on April 19, 2006
(Exhibit 6) for the purchase of real estate commissions due
defendant on the property identified as 15 Linda Lane, Pearl
River, New York.  The commission purchased was in the amount of
$12,658.23.

11.    On information and belief, the Master Repurchase
Agreement (Exhibit 1) provides that the defendant, Kevin Joyce,
shall sell his right, title and interest in his business account
receivable (commission) at a discount for commercial purposes.

12.    On information and belief, the defendant, Kevin Joyce,
did in fact, convey his ownership of his business account
receivables (commissions) to the plaintiff, Commission, on the
dates and for the discounted values as set forth in the Account
Receivable Sale and Assignments attached to the within Complaint
and incorporated by reference herein.

13.    On information and belief, the Master Repurchase
Agreement (Exhibit 1) provides for terms and conditions which

govern the eventuality of the properties going to closing as well
as circumstances arising where the properties in question do not
go to closing.

14.   On information and belief, the Master Repurchase
Agreement (Exhibit 1) provides for the payment of the Commissions
within a time certain following the scheduled closing or where
the properties do not close on the stated settlement dates, a
time certain for the commissions to be paid as agreed to under
the Account Receivable Sale and Assignment Agreements.  (Exhibit
2 through Exhibit 6).

15.   Upon information and belief, a UCC-1 Financing
Statement relative to the transactions referred to in this
Complaint and those future transactions regarding the defendant's
account receivables was filed on April 1, 2005 with the
Department of Treasury. (Exhibit 7).

16.   Upon information and belief, the defendant, Kevin
Joyce, received the property of the plaintiff, Commission
Express, (the purchased commissions) from the sale of the
properties identified above and never turned it over to the
plaintiff.

17.   Upon information and belief plaintiff, Commission
Express, alleges that defendant, Kevin Joyce, has defaulted under
the terms of the herein identified Master Repurchase Agreement
and Account Receivable Sale and Assignment Agreements, and due to
his failure to comply with the terms and conditions of these

Agreements has become subject to the sanctions, including interest, counsel fees and costs provided for in Paragraph 2 of the Master Repurchase Agreement.

18.  Upon information and belief the plaintiff, Commission Express, has made numerous demands on the defendant, Kevin Joyce, for full and complete compliance of the terms and conditions of the within named Agreements including specific demands for specific amounts due and owing the plaintiff, Commission Express.

19.  Upon information and belief, defendant, Kevin Joyce, has failed to date to pay the plaintiff, Commission Express, the full amount of the Commissions due it, as well as the interest, counsel fees and costs incurred by the plaintiff in this matter.

20.  Plaintiff, Commission Express, hereby demands judgment against the defendant, Kevin Joyce to include the following monies due and owing to date and further any future interest and costs including attorney's fees incurred in the enforcement of the plaintiff's rights under the herein referred to Agreements.

21.  Upon information and belief, the defendant, Joyce Realty, was and remains the brokerage agency, wholly owed by the defendant, Kevin Joyce, and which was on notice of the filing of the UCC-1 Financing Statement recorded for the purpose of securing plaintiff's property.

22.  Notwithstanding notice and subsequent demands for the property (commission) the defendant, Joyce Realty, paid over to the defendant, Kevin Joyce, the secured monies owed to the

plaintiff, Commission Express.

23. The defendant, Joyce Realty, failed to comply with the
recorded secured lien notice, and therefore aided and abetted the
defendant, Kevin Joyce, in the inappropriate conversion of the
plaintiff's property thereby making itself liable for the value
of the converted property.

24. Demand for Judgment:

A. Commissions plus interest and costs due on
   following properties:

| | | |
|---|---|---|
| (1) | 77 Ehrhardt Road<br>Pearl River, NY | $18,244.45<br>(Exhibit 8) |
| (2) | 15 Blue Willow<br>New City, NY | $49,616.98<br>(Exhibit 9) |
| (3) | 11 Delta Drive<br>New City, NY | $18,907.07<br>(Exhibit 10) |
| (4) | 387 Blauvelt Road<br>Pearl River, NY | $22,818.25<br>(Exhibit 11) |
| (5) | 15 Linda Lane<br>Pearl River, NY | $18,175.71<br>(Exhibit 12) |

**WHEREFORE**, plaintiff, NNJ FACTORS, LLC, d/b/a Commission
Express of Northern New Jersey, demands judgment against the
defendants, Kevin Joyce and Joyce Realty, for damages, interest,
counsel fees, and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, PETER E. RHATICAN, ESQ., is designated as Trial Counsel in this matter.

### CERTIFICATION

PETER E. RHATICAN, certify as follows:

1. I am an Attorney-At-Law of the State of New Jersey and the attorney for the plaintiffs in the this matter.

2. This matter, to the best of my knowledge, is not the subject of any other action pending in this or any other Court, nor is it the subject of any pending or any contemplated arbitration proceeding.

3. I know of no other party who should be joined in this action who has not already been joined.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PETER E. RHATICAN

Dated: July , 2007

**EXHIBIT C**

DePodwin & Murphy
500 Airport Executive Park, suite 502
Nanuet, NY 10954
(845) 371-2300
Attorneys for Defendants,
  Kevin Joyce and Joyce Realty

---------------------------------------------------X   SUPERIOR COURT OF NEW JERSEY
NNJ FACTORS, LLC, d/b/a COMMISSION   X   LAW DIVISION: SOMERSET COUNTY
EXPRESS OF NORTHERN NEW JERSEY,   X
                                 X   Docket No. L-1123-07
                Plaintiff,        X
                                 X
        - against -               X   **ANSWER WITH**
                                 X   **AFFIRMATIVE DEFENSES**
KEVIN JOYCE; JOYCE REALTY, and    X
ABC, CORP., (fictitious name as true   X
identity is presently unknown),   X
                                 X
                Defendants.        X
---------------------------------------------------- X

        Defendants, KEVIN JOYCE and JOYCE REALTY, by and through their attorneys,

DePodwin & Murphy, hereby answer and respond to the Complaint in this action as follows:


    1.    Deny that they have knowledge or information sufficient to form a belief as to the

        truth or falsity of the allegations contained in paragraphs 1, 4, 15 and 17 of the

        Complaint, and accordingly deny each said allegation.

    2.    Deny each and every allegation contained in paragraphs 19, 23, and 24 of the

        Complaint.

    3.    Deny the allegations contained in paragraphs 10 of the Complaint to the extent

        that they state or imply that Plaintiff has set forth a coherent basis for the

        calculation of any monies allegedly due and owed to Plaintiff by Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.      The Complaint in this action fails to set forth a legal, rational, legitimate basis for the alleged interest owed to Plaintiff by Defendants.

5.      Said alleged interest is arbitrary and capricious and, upon information and belief, violates the usury laws of New York State and/or New Jersey State.

6.      Accordingly, the Agreement at issue in this action should be rendered null and unenforceable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      The alleged legal fees requested in the Complaint are not itemized or set forth with sufficient particularity, as required by New York and/or New Jersey law, and therefore may not be enforced in this action.

8.      Plaintiff cannot demonstrate that its attorneys have expended the time necessary to justify the exorbitant legal fees requested in this action, and said legal fees have no legitimate basis or foundation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.      The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.     The relief requested in the Complaint is barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and/or "unclean hands."

2

Dated: September 7, 2007
    New City, New York

                        Respectfully submitted,

                        DEPODWIN & MURPHY

                        By: Phillip J. Murphy
                            Attorneys for Defendants
                            500 Airport Executive Park
                            Suite 502
                            Nanuet, New York 10954
                            (845) 371-2300

3

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4; Phillip J. Murphy, Esq., is designated as Trial Counsel in this matter

## CERTIFICATION

Phillip J. Murphy hereby certifies as follows:

1.      I am an Attorney-At-Law of the State of New Jersey and the attorney for the Defendants in this matter.

2.      This matter, to the best of my knowledge, is not the subject of any other action pending in this or any other Court (other than a similar action commenced by Plaintiff in the U.S.D.C., Southern District of New York, 07 CIV. 3099 (RAP)), nor it is the subject of any pending or any contemplated arbitration proceeding.

3.      I know of no other party who should be joined in this action who has not already joined.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
PHILLIP J. MURPHY

Dated: September 7, 2007

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,                           **AFFIRMATION OF SERVICE**
                              Plaintiff,

      v.                                          07 CIV. 3099 (RPP)

KEVIN JOYCE,
                              Defendant.
-----------------------------------------------------------X

      SANFORD COHEN, ESQ., hereby states and affirms that on this 17th day of September,

2007, I caused Defendant's Notice of Motion and Memorandum of Law to be served upon the

following individual at the following address, via both regular mail and facsimile delivery:

                Daniel Crupain, Esq.
                Attorney for Plaintiff
                225 Broadway
                Suite 270
                New York, New York 10007
                Fax No.: (212) 406-6890

Dated: September 17, 2007

                                            
                            SANFORD COHEN

*Index No. 07 CIV. 3099 (RPP)*

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,

                          Plaintiff,

        v.

KEVIN JOYCE,

                    Defendant.

## *NOTICE OF MOTION (WITH SUPPORTING AFFIRMATION)*

*SANFORD COHEN, ESQ.*
*Attorney for Defendant*
*Office Address & Tel. No.:*
*60 Dutch Hill Road, Suite 5*
*Orangeburg, New York 10962*
*(845) 359-8855*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,                    **DEFENDANT'S**
                                                   **MEMORANDUM OF LAW**

                          Plaintiff,

          v.                                       07 CIV. 3099 (RPP)

KEVIN JOYCE,
                          Defendant.
------------------------------------------------------------X

        This Memorandum of Law is submitted by Defendant, KEVIN JOYCE, by his attorney,

Sanford Cohen, Esq., in support of Defendant's motion to dismiss the Complaint in this action

based on improper venue, pursuant to FRCP 12(b)(3).

**ARGUMENT**

I.  The Forum Selection Clause at Issue is Mandatory and Enforceable

        It is axiomatic that when a party chooses a forum to commence suit which is other than

that specified in the underlying agreement at issue, dismissal is proper. ***New Moon Shipping***

***Co., Ltd. v. Man B & W Diesel AG***, 121 F.3d 24, 28-29 (2nd Cir. 1997).  The language of the

forum selection clause is deemed mandatory, rather than permissive, when it specifies both

jurisdiction and venue and the parties' deliberate intent to make jurisdiction exclusive. ***John***

***Boutari & Son v. Attiki Importers & Distributors***, 22 F.3d 51, 53 (2nd Cir. 1994) ; ***Gessler-J.A.***

***v. Sobieski Destylarnia S.A.***, 2007 WL 1295671, *3-4 (SDNY 2007) (citing, ***Mobil Sales &***

***Supply Corp. v. Republic of Lithuania***, 1998 U.S. Dist. LEXIS 5693, at *22-23 (SDNY 1998);

***Weingrad v. Telepathy, Inc.***, 2005 U.S. Dist. LEXIS 26952, at *9 (SDNY 2005).

        Here, Paragraph 8 of the Master Repurchase and Security Agreement, dated March 31,

2005 (Ex. A to Cohen Affirmation), contains the following forum selection clause:

                In addition, Broker agrees that the sole jurisdiction
                for any dispute arising out of, or related to, this
                Agreement, or any document executed pursuant
                hereto, shall be in the state court located in the
                county, city or local jurisdiction in which CE [i.e.,
                Plaintiff] maintains its principal place of business
                at the time that the action is brought.

Paragraph 1 of the Complaint in this action specifies that Plaintiff now "has its principal office at 672 U.S. Route 202/206, Bridgewater, New Jersey." The forum selection clause at issue, therefore, is clear and unequivocal, employs language which is mandatory rather that permissive, specifies both jurisdiction and venue, and reflects the parties'[ intent to make jurisdiction exclusive in the New Jersey State Court.[1] Accordingly, the Complaint in this action should now be dismissed, pursuant to FRCP 12(b)(3), for improper venue.

Dated: September 17, 2007
      Orangeburg, New York

                           Respectfully submitted,

                           SANFORD COHEN, ESQ. (SC 6999)
                           Attorney for Defendant
                           60 Dutch Hill Road, Suite 5
                           Orangeburg, New York 10962
                           (845) 359-8855

---

[1] In recognition of the New Jersey state court's exclusive jurisdiction over this subject matter, Plaintiff commenced a lawsuit on these identical facts and issues on July 13, 2007 (The pleadings in that New Jersey case are annexed as Exhibits B and C to the Cohen Affirmation).

2

*Index No. 07 CIV. 3099 (RPP)*

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

NNJ FACTORS, LLC, d/b/a COMMISSION
EXPRESS OF NORTHERN NEW JERSEY,

                              Plaintiff,

    v.

KEVIN JOYCE,

                              Defendant.

---

## DEFENDANT'S MEMORANDUM OF LAW

---

*SANFORD COHEN, ESQ.*
Attorney for Defendant
Office Address & Tel. No.:
60 Dutch Hill Road, Suite 5
Orangeburg, New York 10962
(845) 359-8855